# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

LAVERIS TOWNSEND SR.,                    )
     Plaintiff,                          )
                                         )
v.                                       )     Case No. 1:21-cv-87-TRM-CHS
                                         )
HAMILTON COUNTY, TENNESSEE               )
                                         )
     Defendant.                          )

## REPORT AND RECOMMENDATION

### I.    Introduction

*Pro se* plaintiff Laveris Townsend Sr. has filed an application to proceed *in forma pauperis* [Doc. 2]. This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### II.    Discussion

#### A.    Standard of Review

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of

what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Analysis

This action brought by Plaintiff appears to be the same action he brought against Hamilton County in *Townsend v. Hamilton County*, No. 1:19-cv-00275-TRM-CHS (E.D. Tenn.) and *Townsend v. Hamilton County*, 1-20-cv-287-TRM-CHS (E.D. Tenn.) This Court dismissed those actions without prejudice for failure to state a claim upon initial screening under Section 1915(e)(2). [*See* No. 1:19-cv-00275-TRM-CHS, Dec. 23, 2019 Judgment Order; Dec. 23, 2019 Order adopting Report and Recommendation, and Dec. 2, 2019 Report and Recommendation; *see also* No. 1-20-cv-287-TRM-CHS, May 6, 2021 Judgment Order; May 6, 2021 Order adopting Report and Recommendation; March 17, 2021 Report and Recommendation.]

Plaintiff brings this current action under 42 U.S.C. § 1983 and alleges,

> Actions by the duly sworn agents of Hamilton County have deprived me. These actions by the Agent of Hamilton County instituted and/or collaborated against me simply because I was a black man that had a case overturned by Appeals Court in Knoxville, Tennessee. The licensed agent of Hamilton County, TN judicial system did [sic] and have continued to carry out the institutional racisms of Hamilton County government.

[Doc. 1, Complaint ¶ 4]. There is no further detail provided in this complaint.

Section 1983 provides a vehicle by which a person may recover damages for a violation of rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To make a claim under 42 U.S.C. § 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley,* 167 F.3d 1014, 1017 (6th Cir. 1999); *Valot v. Southeast Local School Dist. Bd. of Educ.*, 107 F.3d 1220, 1225 (6th Cir. 1997). Plaintiff has not identified a violation of a right by Hamilton County secured to him by federal law. Further, he has not alleged sufficient facts to show a deprivation of a right secured by federal law. He has merely made vague allegations. This complaint is so devoid of detail that it fails to give Hamilton County fair notice of what Plaintiff's claim is and the grounds upon which it rests. The claim borders on being frivolous. Plaintiff fails to state a claim upon which relief can be granted against Hamilton County under Section 1983.

This is the fourth action brought by Plaintiff seeking pro se status which has been dismissed by this Court as meritless, [1] three of which were brought against Hamilton County for essentially the same alleged conduct. Plaintiff's repeated filing of the same meritless claims is incompatible with the privilege of proceeding *in forma pauperis* and is an abuse of judicial process. *Anderson v. U.S. Postal Service*, No. 1:19-cv-223 , 2019 WL 3974190, at *4 (Aug. 22, 2019) (citing *Moore v. Controlled Substances Act*, Nos. 4:06-CV-43, 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006)).

---

[1] *Townsend v. Hamilton County*, No. 1:19-cv-00275-TRM-CHS (E.D. Tenn.) and *Townsend v. Hamilton County*, 1-20-cv-287-TRM-CHS (E.D. Tenn.); *Townsend v. Hamilton County*, 1-21-cv-87-TRM-CHS (E.D. Tenn.), and *Townsend v. Hubert Hamilton*, 1-21-cv-81-TRM-CHS (E.D. Tenn.)

"[F]ederal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits." *Lawrence v. Bevin*, No. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991)); *see also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam) (citing *In re McDonald*, 489 U.S. 180 (1989) (per curiam)).

*Anderson* , 2019 WL 3974190, at *4. Accordingly, the Court will recommend that, in any future actions, Plaintiff be summarily denied the privilege to proceed *in forma pauperis*.

### III.     Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED** as moot.[2] It is further **RECOMMENDED** that in any future actions filed by Plaintiff in this Court, Plaintiff be summarily denied the privilege to proceed *in forma pauperis*.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).